UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER HIRAM CANO,

                              Plaintiff,

-against-

SHAWN COHEN, New York Post employee; RUPERT MURDOCH, New York Post owner; NEW YORK POST INCORPORATION; ROCCO PARASCANDOLA, Daily News employee; JOHN ANNESE, New York Daily News employee; NEW YORK DAILY NEWS CORPORATION; MORTIMER B. ZUCKERMAN, NY Daily News Owner; EDDIE SMALL, DNAinfo employee; BEN FRACTENBURG, DNAinfo employee; JOE RICKETTS, DNA info founder; DNAinfo CORPORATION; MICHAEL TANNOUSIS, Assistant District Attorney; ROBERT T. JOHNSON, Bronx District Attorney; DARCEL DENISE CLARK, Bronx District Attorney; BRONX DISTRICT ATTORNEY OFFICE; KENNY COLLAZO, Video Technician; BERNARD CARLOS, Tax ID#936201, employee of the New York Police Department; RICHARD ACRE, Tax ID#946413, employee of the New York Police Department; MARCO SANCHEZ, Tax ID#931134, employee of the New York Police Department; BRENDAN LOONEY, Tax ID#950887, employee of the New York Police Department; KHALEEQ MIDDLETON, Tax ID#950887, employee of the New York Police Department; ROBERT LYON, Tax ID#955106, employee of the New York Police Department; CITY OF NEW YORK; STATE OF NEW YORK; JAMES O'NEIL, NYPD Commissioner; NEW YORK POLICE DEPARTMENT, PRECINCT 44th; WILLIAM SULLIVAN, Tax ID#931283, employee of the NYPD,

                              Defendants.

1:18-CV-11550 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently held in the George R. Vierno Center on Rikers Island, brings this *pro se* action asserting federal constitutional claims as well as state-law claims.[1] She sues four groups of defendants: (1) reporters, media outlets, and media-outlet owners, (2) Bronx prosecutors and another employee of the Bronx County District Attorney's Office, (3) members of the New York City Police Department ("NYPD defendants"), and (4) government entities, including the State of New York, the Bronx County District Attorney's Office, the City of New York, and the New York City Police Department's 44th Precinct ("44th Precinct"). She sues the individual defendants in their individual and official capacities. And she asserts claims under the Court's federal question and diversity jurisdictions. She seeks unspecified damages.

The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and associated claims of conspiracy under 42 U.S.C. § 1985(3). The Court also construes Plaintiff's complaint as asserting claims of libel and slander under state law.[2]

By order dated September 18, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[3] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

---

[1] Plaintiff filed her complaint while she was held in the Anna M. Kross Center ("AMKC") on Rikers Island. She asserts that she is a transgender woman. (ECF 2, p. 8.) Because of that, the Court will refer to her in this order using female pronouns.

[2] Plaintiff has failed to show, for the purpose of invoking this Court's diversity jurisdiction, that the parties are diverse and that the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a)(1). In light of Plaintiff's *pro se* status, the Court construes the complaint as asserting state-law claims under the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

[3] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**BACKGROUND**

Plaintiff makes the following allegations: on July 24, 2016, some of the NYPD defendants unlawfully arrested Plaintiff at the Bronx Dominican Day Parade. They falsely accused her of (1) concealing a gun that she illegally possessed, (2) claiming that she had a bomb in her shoe, and (3) claiming that she had been hired to kill Bronx Borough President Ruben Diaz, Jr. They gave false information about Plaintiff and her arrest to the press. Prosecutors in the Bronx County District Attorney's Office are prosecuting Plaintiff for the offenses arising from that arrest, and one of them has spread false information about Plaintiff. Reporters employed by media outlets including *The New York Post*, *The New York Daily News*, and *dnainfo* have published false articles about Plaintiff and her arrest.

**DISCUSSION**

**A.   Eleventh Amendment immunity**

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against State of New York and the Bronx County District Attorney's Office under the doctrine of Eleventh

Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted). Courts have held that an office of a district attorney in New York State is afforded Eleventh Amendment immunity with regard to its decisions to prosecute. *See, e.g., Baskerville v. Richmond Cnty. Family Court*, No. 19-CV-0602, 2019 WL 2162595, at *2 (E.D.N.Y. May 16, 2019); *White v. Vance*, No. 10-CV-6142, 2011 WL 2565476, at *4 (S.D.N.Y. June 21, 2011). Courts have also held that such an office is a nonsuable entity. *See, e.g.*, *Bryan v. New York*, No. 14-CV-8305, 2015 WL 4272054, at *3 (S.D.N.Y. July 13, 2015); *White*, 2011 WL 2565476, at *4.

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff sues the State of New York. She also sues the Bronx County District Attorney's Office because of its decision to prosecute her. (*See* ECF 2, p. 33.) The Court therefore dismisses Plaintiff's § 1983 claims against the State of New York and the Bronx County District Attorney's Office as frivolous under the doctrine of Eleventh Amendment

immunity.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

B. **Prosecutorial immunity**

The Court must also dismiss Plaintiff's individual-capacity § 1983 claims against Johnson, Clark, Tannousis, and Kharkover arising from their prosecutorial actions against her. Prosecutors are immune from civil suits for damages in their individual capacities for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citation omitted). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's § 1983 claims against these defendants arise from their prosecution of Plaintiff in the New York Supreme Court, Bronx County. The Court therefore dismisses any individual-capacity § 1983 claims against them under the doctrine of prosecutorial immunity and because such claims are frivolous. *See* § 1915(e)(2)(B)(i), (iii); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d

---

[4] The Court also dismisses, for the same reasons, Plaintiff's official-capacity § 1983 claims against former Bronx County District Attorney Robert T. Johnson, current Bronx County District Attorney Darcel Denise Clark, and Assistant Bronx County District Attorneys Michael Tannousis and Ilya Kharkover arising from their criminal prosecution of Plaintiff. *See* § 1915(e)(2)(B)(i), (iii). *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997).

Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the *in forma pauperis* statute); *Montero*, 171 F.3d at 760.

**C.     Section 1983 false arrest claims**

The Court grants Plaintiff leave to file an amended complaint to state plausible claims of false arrest under § 1983. The Court looks to state law as a starting point to determine the elements of a § 1983 claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 921 (2017) ("Common-law principles are meant to guide rather than to control the definition of § 1983 claims, serving more as a source of inspired examples rather than of prefabricated components.") (internal quotation marks and citation omitted); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003) ("The elements of false arrest . . . under § 1983 are substantially the same as the elements under New York law. Therefore, the analysis of the state and the federal claims is identical.") (internal quotation marks and citation omitted).

To state a false arrest claim under New York law, a plaintiff must allege that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) *the confinement was not otherwise privileged.*" *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012) (internal quotation marks and citation omitted, alteration and emphasis in original). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest . . . ." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted))).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," *Jaegly v. Couch*, 439 F.3d 146, 153 (2d Cir. 2006) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)), the arrest is privileged, and the plaintiff cannot state a claim

for false arrest, *see Jenkins* 478 F.3d at 84. Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jaegly*, 439 F.3d at 152 (internal quotation marks and citation omitted). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *see Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest") (internal quotation marks and citation omitted). Put another way, police officers may have probable cause to arrest if they act reasonably, even if they are mistaken.

Plaintiff asserts that some of the NYPD defendants arrested her on false accusations that she had (1) concealed a gun that she illegally possessed, (2) claimed that she had a bomb in her shoe, and (3) claimed that she had been hired to kill Bronx Borough President Ruben Diaz, Jr. Even if a police officer mistakenly believed that such accusations were true, he or she would have had probable cause to arrest Plaintiff. Because Plaintiff has not alleged sufficient facts to show that the NYPD defendants that arrested her lacked probable cause, the Court grants her leave to file an amended complaint in which she alleges such facts. She should also provide information about the status or outcome of her criminal proceeding.

**D.     Claims of conspiracy under § 1983 and § 1985(3)**

Plaintiff must also allege sufficient facts to state a plausible claim of conspiracy under § 1983 or under § 1985(3). To state a claim of conspiracy under § 1983, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance

7

of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). To state a claim of conspiracy under § 1985(3), a plaintiff must show that there exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of her right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id*. (internal quotation marks and citation omitted). Vague and unsupported assertions of a conspiracy claim, either under § 1983 or § 1985(3), will not suffice. *See, e.g., Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990).

Plaintiff asserts that some of the defendants conspired to violate her constitutional rights by arresting her and prosecuting her on false charges, and by spreading false information about her and why she was arrested. But her allegations are vague and unsupported – they lack sufficient detail to state a plausible claim of conspiracy under § 1983 or § 1985(3). Plaintiff must therefore amend her complaint to include sufficient facts to state a claim of conspiracy under § 1983 or § 1985(3).

E.   **Municipal liability**

The Court must dismiss Plaintiff's claims against the 44th Precinct because an agency of the City of New York, such as the 44th Precinct, is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins*, 478 F.3d at 93 n.19; *see also*

*Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").[5]

When a plaintiff sues a municipality under § 1983, such as the City of New York, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff has alleged insufficient facts to state a plausible § 1983 claim against the City of New York. She merely alleges that the City "has . . . failed to guide its employees from conducting themselves in a reckless unlawful manner . . . [and] failed to promote the safety of

---

[5] The Court must also dismiss any official-capacity claims that Plaintiff asserts against any employees of the City of New York, including the NYPD defendants. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials [because] local government units can be sued directly for damages and injunctive or declaratory relief."); *see also Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A] § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself."). Plaintiff's claims against the 44th Precinct and her official-capacity claims against City employees are redundant of her claims against the City of New York, which is a named defendant.

the public by allowing its employees to cause public wrath by advertising false allegations causing confusion and fear." (ECF 2, p. 43.) Plaintiff must therefore amend her complaint to allege sufficient facts to state a plausible § 1983 claim against the City of New York; she must show how a policy, custom, or practice of the City of New York caused a violation of her federally protected rights.

### F. Claims of Slander and Libel

In addition, Plaintiff must show why her state-law claims of slander and libel are not time-barred. "An action for libel or slander under New York law must be brought within one year from the date the offending material is first published." *Allen v. Antal*, 665 F. App'x 9, 13 (2d Cir. 2016) (summary order) (citing N.Y. C.P.L.R. § 215(3) and *Nussenzweig v. diCorcia*, 9 N.Y.3d 184, 188 (2007)); *Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 89 (2d Cir. 2003); *Blair v. Meth*, 112 A.D. 3d 769 (2d Dep't 2013).

Because the failure to file a claim within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that a claim is timely filed. *See Abbas*, 480 F.3d at 640. But "district courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." *Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011). *But see Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on limitations grounds).

Plaintiff alleges that she was arrested on July 24, 2016. (ECF 2, p. 7.) She seems to assert that Tannousis and some of the NYPD defendants provided false information about her and her arrest to the press. (*See* ECF 2, p. 28-29, 36-42.) Plaintiff has attached to her complaint copies of the allegedly libelous articles that the reporter-defendants wrote about her and her arrest in *The*

*New York Post*, *The New York Daily News*, and *dna.info* (ECF 2, p. 71-75); those media outlets published the articles within two days of her arrest.[6]

Plaintiff states that she submitted her complaint to the AMKC's mail system for its delivery to this Court on November 2, 2018 (ECF 2, p. 65), well after the one-year limitations period to bring her state-law claims of slander and libel expired, at the latest, on or about July 26, 2017. Thus, Plaintiff must amend her complaint to show why her claims of slander and libel are timely.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Court dismisses all of Plaintiff's claims against the State of New York, the Bronx County District Attorney's Office, and Defendants Johnson, Clark, and Kharkover. 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court also dismisses Plaintiff's claims against the 44th Precinct. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 18-CV-11550 (CM). An Amended

---

[6] *See* Shawn Cohen, *Armed lunatic says he was hired to kill Bronx borough president*, N.Y. Post, July 25, 2016, https://nypost.com/2016/07/25/ armed-lunatic-says-he-was-hired-to-kill-bronx-borough-president/; Rocco Parascandola and John Annese, N.Y. Daily News, July 26, 2016, *Gunman at Dominican parade tells cops he was hired to kill Bronx borough president*, https://www.nydailynews.com/new-york/nyc-crime/parade-gunman-tells-cops-hired-kill-bronx-boro-prez-article-1.2726059; Eddie Small and Ben Fractenberg, *dna.info*, July 26, 2016, *Gunman Claims He Was Paid to Assassinate Borough President Ruben Diaz: NYPD*, https://www.dnainfo. com/ new-york/20160726/claremont/ gunman-claims-he-was-paid-assassinate-borough-president-ruben-diaz-nypd/.

Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss the remainder of Plaintiff's claims for failure to state a claim on which relief may be granted.[7] *See id*.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 4, 2019
New York, New York

                                              COLLEEN McMAHON
                                              Chief United States District Judge

---

[7] Plaintiff must not assert in her amended complaint any claims that the Court has dismissed in this order.